**In the Matter of Kenneth R. WATSON.**

No. 86S00–8804–DI–405.

Supreme Court of Indiana.

March 15, 1994.

Order Staying Suspension March 25, 1994.

Kenneth R. Watson, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Comm'n.

## PER CURIAM.

This proceeding was initiated by the filing of a two-count "Verified Complaint for Disciplinary Action" pursuant to Ind.Admission and Discipline Rule 23(12). In accordance with the procedure set forth in Admis.Disc.R. 23, this case was heard by a hearing officer who has now tendered for this Court's approval findings of fact and conclusions of law. Neither party has challenged the report of the hearing officer. We adopt and accept the hearing officer's report and conclude that the Respondent, Kenneth R. Watson, should be suspended from the practice of law for a period of sixty (60) days with reinstatement to practice subject to several conditions. The details of this decision are more fully set forth in the opinion which follows.

### COUNT I.

Under Count I, Respondent is charged with neglecting a legal matter entrusted to him, in violation of Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law,* and prejudicing or damaging his client during the professional relationship, in violation of Disciplinary Rule 7–101(A)(3) of the *Code.* Under this count, Respondent is also charged with acquiring estate fees without court approval, thereby engaging in conduct prejudicial to the administration of justice, engaging in conduct adversely reflecting on his fitness to practice law, and advancing a claim that is unwarranted under existing law, all being in violation of Disciplinary Rules 1–102(A)(5) and (6) and Disciplinary Rule 7–102(a)(2) of the *Code.*

The allegations of misconduct set forth in Count I grow out of Respondent's acts in an estate matter. This Court now finds that on January 23, 1986, Charles Woods died and left all of his property to his daughter, Willa Mae Parker (Parker), and grandchildren, the children of Parker. The will of Charles Woods, prepared by Respondent, named Respondent as Executor of the estate and directed that the estate be administered without court supervision. The only assets in the estate were a house, land, personal effects, some cash in various accounts and a vehicle. Woods left all of his personal property to Parker and the real property to Parker's children subject to a life estate in her. On January 28, 1986, Parker went to Respondent's office to inquire into the resolution of the estate. At that time, Respondent asked for and was given a check for $2,500.00 from Parker. The estate for unsupervised administration was opened on January 30, 1986. At that time, Parker executed several consents to transfer.

After the estate was opened, communication between Respondent and Parker deteriorated. Parker was unable to contact Respondent at his office or home; her calls were never returned. Parker arranged for an auction of personal property without Respondent's assistance. On July 6, 1986, the statutory waiting period expired without any claims being filed against the estate. On

August 1, 1986, Parker wrote Respondent about her dissatisfaction with the pace of the legal process. The house in the estate was rented and subject to abuse. In September 1986, Parker attempted to contact Respondent about the sale of the house, but was unable to do so. On October 6, 1986, Respondent filed an inventory, even though one was not required in an unsupervised estate. Ultimately, Parker filed a disciplinary complaint and a *pro se* petition to remove the personal representative on March 20, 1987. On the same day, Respondent filed an Indiana Inheritance Tax Return, backdated to October 1986, wherein the house was listed at $34,000.00. Without a reply from Respondent, Parker arranged for an auction and the house was sold on April 1, 1987, for $27,000.00.

The petition to remove Respondent as personal representative was heard on July 6, 1987. Respondent did not appear. On that morning, the Judge received a telephone call from a local hospital expressing the opinion that Respondent was in "no state" to appear in court. The judge was informed that Respondent's condition was due to the consumption of alcohol. Respondent was removed as personal representative, Parker was substituted, and eventually the estate was closed. In a separate small claims action, Parker was awarded a refund of $916.65 of fees paid to Respondent for his services in this estate matter.

■ The hearing officer concluded that Respondent's conduct constituted neglect and was damaging during the course of the professional relationship. We accept this conclusion and accordingly find that, in the course of his professional relationship with Parker, Respondent violated Disciplinary Rules 6–101(A)(3) and 7–101(A) of the *Code of Professional Responsibility for Attorneys at Law*. The hearing officer further concluded that court approval for a fee was not required in the unsupervised estate arrangement present in this case. This being so, the acceptance of a fee under the circumstances presented in this case did not constitute a violation of the *Code*. We accept this conclusion.

### COUNT II.

In Count II, Respondent is charged with failing to act with reasonable diligence and promptness in representing a party, in violation of Rule 1.3 of the *Rules of Professional Conduct*. The alleged misconduct grows out of Respondent's representation of a party in a bankruptcy proceeding.

Adopting the hearing officer's report, this Court now finds that Respondent was employed to represent a married couple who filed for bankruptcy. In May 1987, notice was issued of a creditors' meeting on June 27, 1987, in federal Bankruptcy Court in Lafayette, Indiana. Such notice arrived when Respondent was hospitalized; the notice was placed in the file and not brought to the attention of the Respondent. Consequently, Respondent did not appear at the June 27th hearing. Another attorney offered to assist Respondent's clients in the hearing.

We find that Respondent lacked due diligence in his representation of these clients; he failed to take reasonable steps to assure that he was aware of scheduled hearings. This conduct violated Rule 1.3 of the *Rules of Professional Conduct*.

■ In that this Court has found misconduct, we must now determine an appropriate disciplinary sanction. As previously stated, this involves an examination of the nature of the conduct, the risk to the public, the state of mind, and mitigating or extenuating circumstances. *In re Grotrian* (1993), Ind., 626 N.E.2d 807; *In re Jarrett* (1992), Ind., 602 N.E.2d 131.

■ In our examination of misconduct, we note that this is the third time that this Court has had to address Respondent's failure to adhere to professional standards. In 1978, Respondent was suspended from the practice of law for thirty (30) days under a conditional agreement based on his conviction for failure to pay income tax. In 1986, this Court determined that Respondent neglected a client and publicly reprimanded him. Shortly thereafter, the acts set forth above occurred. It is obvious that during the time in question, Respondent was not serving his clients with diligence.

The underlying cause leading to Respondent's misconduct in this case was the consumption of alcohol. Respondent acknowledges that he is an alcoholic and attends Alcoholics Anonymous on a weekly basis. In this regard, we note that a considerable period of time has elapsed since the occurrence of the events leading to this disciplinary proceeding. The record before this Court further demonstrates that Respondent has made an honest effort to address his alcohol problem and has been successful. We view this as extenuation in the present case.

Based on the above considerations, this Court believes that the appropriate sanction in this case must demonstrate our disapproval of the conduct without reversing the strides Respondent has taken to correct the underlying problem. Accordingly, we conclude that a period of suspension and reinstatement subject to monitoring is warranted.

It is therefore ordered that effective April 18, 1994, the Respondent, Kenneth R. Watson, is suspended from the practice of law for a period of sixty (60) days. After this period of suspension, Respondent shall be reinstated subject to the following conditions:

1) Respondent agrees to monitoring by the "Lawyers Assistance Program" of the Indiana State Bar Association and makes arrangements to participate in such program;

2) Respondent continues in Alcoholics Anonymous; and

3) Respondent participates in a lawyers' support group.

The conditions imposed in this case may be altered, terminated, or amended upon petition by either party.

Costs of this proceeding are assessed against the Respondent.

### ORDER STAYING EFFECTIVE DATE OF SUSPENSION

Comes now counsel for respondent and advises this Court that counsel had not been served the report of the Hearing Officer in this proceeding prior to the issuance of our opinion in this matter on March 15, 1994.

Upon examination of our record we find that although counsel for respondent appropriately entered an appearance, the Clerk of this Court failed to list such counsel as counsel of record. Consequently, counsel was not served the Hearing Officer's Findings of Fact, Conclusions of Law, and Recommendation, as noted in the Clerk's entry of April 26, 1993. Based on the record before the Court, on March 15, 1994, this Court suspended the respondent from the practice of law for sixty days effective April 18, 1994. Accordingly, this Court further finds that the suspension should be stayed to permit counsel an opportunity to review the Hearing Officer's report and petition for review if deemed appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the suspension of respondent in this proceeding, Kenneth R. Watson, is stayed until further order of this Court. Respondent shall have up to and including May 1, 1994, to request review as set forth in Ind.Admission and Discipline Rule 23(15)(c) and (d). Should respondent elect to petition for review, the briefing schedule set forth in this rule shall apply thereafter. In the event this Court is called upon to reconsider the recommendation of the Hearing Officer, the disciplinary action imposed on March 15, 1994, will be reconsidered and deemed not binding on any decision ultimately rendered by this Court.

THE CLERK OF THIS COURT is directed to show Mr. Richard Kammen as counsel of record for respondent and immediately forward a copy of the Hearing Officer's Findings of Fact, Conclusions of Law and Recommendation tendered in this case on April 26, 1993, to such counsel.